UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS,<br><br>   Petitioner,<br><br> v.<br><br>E. J. BORLA,<br><br>   Respondent.[1] | Case No. 19-cv-02249-VC (PR)<br><br>**ORDER DENYING PETITIONER'S MOTIONS; DISMISSING PETITION WITH PREJUDICE**<br><br>Re: Dkt. Nos. 11-13 |

  Horace Thomas, an inmate at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254 challenging a May 17, 2018 decision of the Board of Parole Hearings that Thomas is not suitable for parole and that he cannot have another hearing for 15 years. Thomas claims the 15-year denial constitutes cruel and unusual punishment. He submits the July 11, 2018 denial of his habeas petition by the Superior Court of Los Angeles County where he also claimed the Board's decision was not supported by some evidence and the 15-year denial period was excessive given his qualification for the elderly parole program. *See In re Horace Thomas, On Habeas Corpus*, Case No. BH011781 (July 11, 2018); ECF No. 1 at 12-25.

  Thomas also filed two motions for leave to proceed in forma pauperis ("IFP") and a motion to order the prison trust office to process his trust account statement. These motions are denied. The prison trust account statement is attached to one of Thomas's motions for leave to proceed IFP. Therefore, the motion to process the trust account statement is denied as moot. The trust account statement indicates Thomas has sufficient funds to pay the $5.00 filing fee for

---

[1] Thomas does not indicate the identity of E.J.Borla.

this petition. Therefore, the two motions to proceed IFP are denied. The Court's finance office is directed to collect the $5.00 fee from Thomas.

As discussed below, Thomas's petition is dismissed for failure to state a claim that is cognizable in federal habeas corpus.

## DISCUSSION

The superior court opinion indicates that, in 1994, Thomas was convicted of crimes having to do with sexual assault and robbery and he was sentenced to 67 years in prison. *Id.* at ECF No. 1 at 12. Thomas's elderly parole eligibility date was December 7, 2017. *Id.* On May 17, 2018, the Board held a parole suitability hearing and provided ten reasons for finding Thomas unsuitable for parole. *Id.*; *see also* ECF No. 1-1 at 9-96 (transcript of Board hearing).

Thomas's claim that insufficient evidence supported the Board's decision is foreclosed by *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). In *Swarthout*, the Supreme Court explained that, in the context of parole, a prisoner "received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." If the petitioner received that much process, the federal court's habeas review is at an end. *Id. Swarthout* reversed the Ninth Circuit's decision in *Cooke v. Solis,* 606 F.3d 1206 (9th Cir. 2010), and overruled several cases that had held the federal habeas court could grant relief if there was not some evidence to support the denial of parole.

After *Swarthout,* a federal habeas court has no authority to determine whether a parole board's decision was based on some evidence. *Id.* at 220-21. Furthermore, the transcript of Thomas's parole hearing shows he was allowed an opportunity to be heard and was provided a statement of the reasons parole was denied. Therefore, Thomas received all the process he was due under the federal Constitution.

Thomas's claim of cruel and unusual punishment is foreclosed by *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1,12 (1979), which held a convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. Because Thomas was sentenced to 67 years in 1994, his sentence has not yet expired. Likewise,

the 15-year denial is not cruel and unusual because Thomas's sentence will not have expired in 15 years.

Thomas's contention that he should be released under the elderly parole program is a state law claim over which this court has no jurisdiction. *See* 28 U.S.C. § 2254(a) (federal habeas corpus is limited to deciding whether conviction violates the Constitution, laws, or treaties of the United States); *see also Estelle v. McGuire*, 502 U.S. 62-67-68 (1991) (federal habeas relief not available for errors of state law).

## CONCLUSION

Based on the foregoing, the petition is dismissed. Dismissal is with prejudice because amendment would be futile. The motion for processing Thomas's trust account statement is denied as moot. The motions to proceed IFP are denied. The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
VINCE CHHABRIA
United States District Judge